UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WEWORK COMPANIES INC., <br> Plaintiff, <br> v. <br> WEPLUS (SHANGHAI) TECHNOLOGY CO., LTD., et al., <br> Defendants. | Case No. 5:18-cv-04543-EJD <br><br> **ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS; CONTINUING CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 32 |

I. INTRODUCTION

Specially appearing defendant WePlus (Shanghai) Technology Co., Ltd. ("Defendant") moves to quash service of process upon it and to strike the proof of service. Defendant contends that Plaintiff's service of Defendant in China by email was invalid. Defendant reasons that China objected to Article 10 to the Hague Convention regarding service by postal mail; that email is indistinguishable from postal mail for purposes of Article 10; and therefore the requirement of Rule 4(f)(2)—that the means of service are "not prohibited by international agreement"—has not been violated. The matter was heard on January 10, 2019. For the reasons set forth below, Defendant's motion is denied.

II. BACKGROUND

Plaintiff WeWork Companies Inc. ("Plaintiff") is a self-proclaimed pioneer in the coworking industry. Complaint ¶ 1. Plaintiff provides entrepreneurs and businesses with, among other things, various types of workspaces, efficient office services, first-class amenities, diverse live events, and powerful online networks. *Id*. Defendant also provides coworking services.

In July of 2018, Plaintiff filed suit against Defendant and its affiliate, Weplus USA LLC,

Case No.: 5:18-cv-04543-EJD
ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS
1

asserting claims for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1114; trademark infringement and unfair competition under California common law; and unfair competition under California Business & Professions Code §17200. In early August of 2018, Plaintiff submitted an *ex parte* motion for alternative service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Dkt. No. 24. Plaintiff contended that the urgency of its claims necessitated service by alternative means because service through the Hague Convention by traditional means would take several months. More specifically, Plaintiff contended that if service were delayed by several months, Plaintiff would suffer irreparable injury to its reputation and goodwill.

By order dated August 7, 2018, the court granted Plaintiff's *ex parte* motion and authorized service by email to Defendant's Chief Executive Officer, Allen Lau (allenlau@weplus.com and alau@nyzfund.com) and to other relevant corporate email addresses (USA@weplus.com and sales@weplus.com). Dkt. No. 26. The same day, Plaintiff filed a certificate of service verifying that the Complaint, Summons, Order Granting Plaintiff Wework's Ex Parte Motion For Alternative Service and other documents were served on Defendant via email at allenlau@weplus.com, alau@nyzfund.com, sales@weplus.com, and usa@weplus.com.

III. STANDARDS

Rule 4(h)(2) of the Federal Rules of Civil Procedure governs service of a foreign corporation not within a judicial district of the United Sates and requires service "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)." Rule 4(f) provides that an individual may be served at a place not within any district of the United Sates:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

Case No.: 5:18-cv-04543-EJD
ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS
2

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed.R.Civ.P. 4(f). The advisory committee provides the following guidance as to the applicability of Rule 4(f)(3):

> Paragraph (3) authorizes the court to approve other methods of service not prohibited by international agreements. The Hague Convention, for example, authorizes special forms of service in cases of urgency if convention methods will not permit service within the time required by the circumstances. Other circumstances that might justify the use of additional methods include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention, or the refusal of the Central Authority to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States. In such cases, the court may direct a special method of service not explicitly authorized by international agreement if not prohibited by the agreement. Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law. A court may in some instances specially authorize use of ordinary mail. *Cf. Levin v. Ruby Trading Corp.*, 248 F. Supp. 537 (S.D. N.Y. 1965).

Fed. R. Civ. P. 4(f) advisory committee's note to 1993 amendment.

IV. DISCUSSION

Defendant contends that because China objected to Article 10 to the Hague Convention regarding service by postal mail, the requirement of Rule 4(f)(2)—that the means of service are "not prohibited by international agreement"—has not been met by Plaintiff's service by email. Article 10 of the Hague Convention states:

Case No.: 5:18-cv-04543-EJD
ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS
3

> Provided the State of destination does not object, the present Convention shall not interfere with--
> **(a)** the freedom to send judicial documents, by postal channels, directly to persons abroad,
> **(b)** the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
> **(c)** the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Convention at Art. X.

Courts in this district disagree as to whether a country's objection to Article 10 of the Hague Convention regarding service by postal mail means that service by email is "prohibited by international agreement," although a majority of decision find that there is no such prohibition. *Compare Agha v. Jacobs*, No. 07-1800 RS, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008) (denying motion for leave to serve by email or facsimile because defendant Germany "is a member of the Hague Convention and has filed its objection under Article 10 to service through postal channels[,]" and plaintiff's "attempt to distinguish email and facsimile from the 'postal channels' referred to in the text of Article 10 is unavailing.") to *Keck v. Alibaba.com, Inc.*, No. 17-5672 BLF, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) ("there is no international agreement precluding service on China-based defendants by electronics means"); *Microsoft Corp. v. Goldah.com Network Technology Co., Ltd.*, No. 17-2896 LHK, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) ("Yet China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case."); *Juicero, Inc. v. Itaste Co.*, No. 17-1921 BLF, 2017 WL 3996196, at *2 (N.D. Cal. June 5, 2017) (email service on Chinese defendant "at least a permissible means in this case when combined with the two other means"); *In re LDK Solar Securities Litigation*, No. 07-7182 WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (permitting service of Chinese defendants under Rule 4(f)(3), despite China's objections to Article 10, because the service requested did not involve service by "postal channels"); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. 06-6572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. April 17, 2007) (Ukraine, Czech Republic, Switzerland and Norway object to service via postal

Case No.: 5:18-cv-04543-EJD
ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS
4

channels; however,"WSI has demonstrated that service via email is not prohibited by an international agreement.").[1] Given the weight of authority, the court finds that China's objection to Article 10 regarding postal service does not mean that email service is "prohibited by international agreement."

Implicitly recognizing the weight of authority, Defendant contends that the cases are distinguishable from the present case in a material respect. Defendant contends that in the cases authorizing service by email, the defendant's physical address was unknown. In contrast, Plaintiff has discovered Defendant's physical address. Dkt. No. 24-1 Declaration of Yan Zhang at 7, (identifying "B1-2F Fu Xing Plaza, No. 109 Yandang Road, Huangpu District, Shanghai" as the address of WePlus Shanghai). Because Defendant's physical address is known to Plaintiff, Defendant contends that email service should not be permitted in this case.

The plain language of Rule 4 makes no distinction between Defendants with known physical addresses and those without. And no such prerequisite for alternative service should be written into Rule 4. In *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002), the Ninth Circuit instructed, "[a]s obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Id*. at 1014. Moreover, "Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Id*. at 1015. Under *Rio*, service pursuant to Rule 4(f)(3) is "neither a 'last resort' nor

---

[1] Many of the cases cited by the parties involve either (a) defendants in countries that are not signatories to the Hague Convention or (b) defendants in countries that are signatories to the Hague Convention but have not objected to Article 10. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (Hague Convention is not applicable because Costa Rica is not a signatory); *Carson v. Griffin*, No. 13-520 KAW, 2013 WL 240301, at *1 (N.D. Cal. May 31, 2013) (Ireland is a member of Hague Convention, Dubai is not. "The Court has conducted a search, but has located no authority holding that [an] international agreement prohibits service by email in either Dubai or Ireland.); *Facebook, Inc. v. Banana Ads, LLC*, No. 11-3619 YGR, 2012 WL 1038752, at * (N.D. Cal. March 27, 2012) (named defendants located in countries that are signatories to Hague Convention (Anguilla, Antigua, Hong Kong, and Canada), which does not "expressly prohibit email service," and in countries that are not (Panama and Thailand)). Therefore, theses case are not directly on point and accordingly, are not discussed extensively herein.

Case No.: 5:18-cv-04543-EJD
ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS
5

1  'extraordinary relief.' It is merely one means among several which enables service of process on
2  an international defendant." *Id.* There is thus no requirement that Plaintiff attempt service of
3  Defendant at its physical address as a precondition to the court authorizing alternative service
4  pursuant to Rule 4(f)(3). *Id.* at 1016 (plaintiff "need not have attempted every permissible means
5  of service of process before petitioning the court for alternative relief."); *but cf. James Avery
6  Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, No. 16-463 OLG, 2018 WL 4688778, at
7  *6 (W.D. Tex. July 5, 2018). Instead, a plaintiff "need[] only to demonstrate that the facts and
8  circumstances of the [] case necessitate[] the district court's intervention." *Id.*

Following the reasoning in *Rio*, the court authorized alternative pursuant to Rule 4(f)(3) in *Richmond Technologies, Inc. v. Aumfech Bus. Solutions,* No. 11-2460, 2011 WL 2607158, at *12-13 (N.D. Cal. July 1, 2011). In *Richmond Technologies.*, a few of the defendants were located in India, a signatory to the Hague Convention that objected to Article 10. Plaintiff contended that service through the Central Authority in India would take between six and eight months and requested an order permitting substituted service on the Indian defendants' attorney in Los Angeles. Plaintiff also argued that it faced immediate, irreparable harm to its goodwill and business reputation if it could not obtain preliminary relief related to its claims for breach of a non-compete clause and confidential information clause, as well as its claim for unfair competition. The *Richmond Technologies.* court granted plaintiff's motion for alternative service under Rule 4(f)(3), holding that alternative service was warranted because the plaintiff had presented issues that required resolution with greater urgency than the Hague Convention processes could accommodate. *Id.* at *13.

Like the plaintiff in *Richmond Technologies*, Plaintiff here contended in its *ex parte* application for alternative service that service on Defendant through China's central authority would take several months. Plaintiff's Ex Parte Motion (Dkt. No. 24), p. 4 (citing People's Republic of China, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=243 (estimating 3-4 months for execution of request of service). (Bernstein Decl. ¶ 2 and Ex. A.)). Like the plaintiff in *Richmond*

*Technologies*, Plaintiff also contended that it faced immediate, irreparable harm to its reputation and goodwill because of Defendant's allegedly ongoing infringing use of Plaintiff's trademarks. *Id*. at p. 5. Plaintiff contended that Defendant operates or has announced imminent openings of approximately 400 locations in virtually every major metropolitan city in the world and has more than 200,000 members worldwide. *Id*. at p. 2. Plaintiff further contended that Defendant is attempting to deceive consumers into thinking that its company is the "plus" or a better or improved version of Plaintiff's company and services. *Id*. These circumstances justify the immediacy of service by email and distinguish this case from all of the cases relied upon by Defendant where there were no comparable allegations of immediate, irreparable harm. *See* Defendant's Reply (Dkt. No. 40), pp. 7, 9 (listing cases).

Finally, Defendant contends that Plaintiff's service of process by email was invalid because Plaintiff did not translate the Summons and Complaint into the Chinese language, as required under the Hague Convention. Defendant's Reply (Dkt. No. 40), p. 5. Defendant waived this argument by including it for the first time in the Reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in a ... reply brief are generally deemed waived.").

V. CONCLUSION

For the reasons set forth above, Defendant's motion to quash service of process is DENIED. The case management conference scheduled for February 7, 2019 is continued to March 7, 2019 at 10:00 a.m. The parties shall file a joint case management conference statement no later than February 25, 2019.

**IT IS SO ORDERED.**

Dated: January 10, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-04543-EJD
ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS
7